UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN BROWNING, on behalf of himself and all others similarly situated, | No. _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| TRACFONE WIRELESS, INC. d/b/a STRAIGHT TALK WIRELESS, and WAL-MART STORES, INC., | |
| Defendants. | |

Plaintiff, John Browning, by and through the undersigned attorneys, brings this Class Action Complaint against the Defendants, TRACFONE WIRELESS, INC. d/b/a STRAIGHT TALK WIRELESS (hereafter referred to as "TRACFONE") and WAL-MART STORES, INC. (hereafter referred to as "WAL-MART") and alleges as follows:

## NATURE OF THIS CASE

1.      Plaintiff brings this class action on his behalf and on behalf of other similarly situated consumers who have been deceived by Defendants' deceptive and unfair trade practices in advertising a month-to-month cell phone service as being "unlimited" when in fact the service is subject to a number of limiting conditions that are either not disclosed or inadequately disclosed to consumers.

2.      Straight Talk® is a registered trademark of TracFone Wireless, Inc.  TracFone touts itself as America's largest no-contract cell phone provider in the United States, with over 22.4 million subscribers.  TracFone manufactures, distributes, markets and sells nationwide wireless phones under its brand name Straight Talk®.

3.      Straight Talk® is exclusively sold at Wal-Mart stores.  TracFone and Wal-Mart co-founded Straight Talk® in 2009 and have together engaged in a uniform and widespread deceptive marketing campaign for their so-called Straight Talk® "Unlimited" monthly talk, text and data plans.

4.      The Straight Talk® service consists of two components.   First, consumers must purchase or own a Straight Talk compatible cell phone.  Next, consumers must purchase a Straight Talk "No-Contract Plan" which is advertised as providing 30-days' worth of cell phone service for a properly activated and Straight Talk compatible cell phone.  There are two types of "No-Contract" plans:  the "All You Need" plan, which is advertised as providing a specific amount of minutes, texts, and data for a Straight Talk phone for a 30-day period, and the "Unlimited" plan, which is advertised as providing one month's worth of cell phone service, including unlimited minutes, texts, and data for a Straight Talk compatible cell phone for 30-days.

5.      Defendants lure consumers into purchasing the Straight Talk® phones and service plans by aggressively promoting the Straight Talk® products and services as requiring "no-contract" but yet having the same phones, with the same networks, at half the cost of competitors, allowing consumers to cut their cell phone bill in half and "feel richer."  As part of this deceptive marketing campaign, Defendants offer a supposedly "Unlimited" talk, text and data plan for $45 per one month period.

6.      Defendants employ numerous methods to convey their uniform, deceptive "Unlimited" talk, text and data plan representations to consumers, including in print, radio, Internet, and television advertisements, and on the product label.  Front and center and prominently featured in these advertisements, including on the product label, is a statement that

2

the Straight Talk $45 a month "Unlimited" cellular phone plan provides unlimited talk, text and data Nationwide anytime.   Similarly, these advertisements indicate that there is no contract required to use the Straight Talk service and include the trademarked phrase, "Everything you need in a cell phone without a contract.[TM]"

7.      Nowhere in any of these advertisements is it disclosed, or adequately disclosed, that the "Unlimited" plan is actually limited.  Indeed,  Defendants fail to disclose that they "throttle" (reduce the speed) or completely terminate the subscriber's access to data on their Straight Talk® cellular phone when the subscriber has approached or exceeded Defendants' internally proscribed data usage limits, which are not disclosed to consumers, including Plaintiff and the Class.

8.      Once Defendants throttle or terminate data service to their "Unlimited" data plan subscribers, they do not restore data access or regular data speeds unless and until the subscriber's prepaid data plans expires and the subscriber purchases a new Straight Talk service plan.  When the consumer purchases a new prepaid data plan, Defendants again "throttle" or terminate the subscriber's access to data when they have approached or exceeded Defendants' internally proscribed and undisclosed data usage limits.

9.      Consumers, including Plaintiff and members of the proposed class, have lodged numerous complaints with Defendants about Defendants' deceptive practices of throttling or terminating their data service.   These complaints have been to no avail, as in response, Defendants send consumers to an automated system that vaguely asserts the consumers have misused their data service, and provides no explanation of the alleged misuse or any legitimate reason why the data service has been throttled or terminated.

10.     As a result of Defendants' deceptive "Unlimited" talk, text and data representations, consumers – including Plaintiffs and members of the proposed Class – have purchased a product and accompanying service that does not perform as advertised.

11.     Plaintiff brings this action on behalf of himself and other similarly situated consumers who have purchased the products to halt the dissemination of this deceptive and misleading advertising campaign, correct the deceptive and misleading perception it has created in the minds of consumers, and to obtain redress for those who have purchased the Straight Talk® phones and accompanying "Unlimited" talk, text and data plans.  Based on violations of FDUTPA, the express warranties accompanying the products and unjust enrichment, Plaintiff seeks injunctive and monetary relief for consumers who purchased the Straight Talk® phones and accompanying "Unlimited" talk, text and data plans.

## **PARTIES**

12.     Plaintiff John Browning is a Florida resident.  Plaintiff purchased a Straight Talk® phone with a one-year Straight Talk "Unlimited" service plan for $45 a month in February 2013 at Wal-Mart.

13.     Defendant TracFone Wireless, Inc. is a Delaware corporation and is headquartered in Miami, Florida.  TracFone touts itself as America's largest no-contract cell phone provider in the United States, with over 22.4 million subscribers.

14.     Defendant Wal-Mart Stores, Inc. is headquartered in Bentonville, Arkansas. TracFone and Wal-Mart launched the Straight Talk® brand as a joint venture on or around October 18, 2009.   As part of this joint venture, Wal-Mart is the exclusive retailer of Straight Talk prepaid service plans, wireless phones and SIM cards.

## JURISDICTION AND VENUE

15.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) in that the matter in controversy, exclusive of interest and costs, exceeds the sum of value of $5,000,000 and is a class action in which members of the Class are citizens of a state different from Defendant.

16.     Venue lies in this District, pursuant to 28 U.S.C. § 1391, as Defendant TracFone resides in this Judicial District, Defendants do business and/or transacts business in this Judicial District, and Defendants have intentionally availed themselves of the laws and markets within this District through the marketing and sale of Straight Talk service plans and phones within this Judicial District, and therefore is subject to personal jurisdiction in this Judicial District and resides here for venue purposes.

## FACTUAL ALLEGATIONS

17.     Straight Talk® is a registered trademark of TracFone Wireless, Inc., and was co-founded by TracFone and Wal-Mart in 2009.  From this relationship, Straight Talk® is offered for sale exclusively at Wal-Mart.

18.     Since its inception, Straight Talk® has become one of the largest prepaid wireless providers in the United States.  Indeed, TracFone promotes itself as "America's largest no-contract cell phone provider in the U.S., with over 22.4 million subscribers."

19.     Defendants offer for sale an "Unlimited" service plan, with options to purchase a one month plan for $45.00, a three month plan for $130.00, a six month plan for $255.00, or a one year plan for $495.00.  Defendants advertise each of these plans as offering unlimited nationwide minutes, unlimited text or picture messages, unlimited mobile web access and

unlimited calls to 411. Defendants also advertise each one of these plans as having "no contract."

20. During the class period, Defendants' have offered for sale several Straight Talk® branded and locked smartphones for use with the same Unlimited service plan that Plaintiff purchased, including Samsung, Huawei, LG, ZTE, Motorola, Nokia, and the Apple iPhone.

***Defendants' Deceptive Advertising and Marketing of the Unlimited Service Plan***

21. Defendants lure consumers into purchasing Straight Talk® phones and Unlimited service plans, from which they generate significant service revenue, by promoting the products and services as providing unlimited talk, text and data access, with no contract for the service plan, at half the price of the competitors' service plans.

22. Below are examples of Defendants aggressive, uniform, deceptive marketing campaign:

 











| | All You Need | Unlimited 1 Month | Unlimited International | Unlimited 3 Months | Unlimited 6 Months | Unlimited 1 Year |
|---|---|---|---|---|---|---|
| PRICE | $30 | $45 | $60 | $130 | $255 | $495 |
| SERVICE DAYS | 30 Days | 30 Days | 30 Days | 90 Days | 180 Days | 365 Days |
| MINUTES | 1,000 Nationwide | Unlimited Nationwide | Unlimited Nationwide & International | Unlimited Nationwide | Unlimited Nationwide | Unlimited Nationwide |
| TEXT OR PICTURE MESSAGES | 1,000 Nationwide | Unlimited Nationwide | Unlimited Nationwide | Unlimited Nationwide | Unlimited Nationwide | Unlimited Nationwide |
| MOBILE WEB ACCESS | 30 MB | Unlimited | Unlimited | Unlimited | Unlimited | Unlimited |
| CALL TO 411 | Included at no extra charge. | Unlimited | Unlimited | Unlimited | Unlimited | Unlimited |
| CONTRACTS | No | No | No | No | No | No |
| AUTO REFILL OPTION | Yes | Yes | Yes | Yes | Yes | Yes |

23.     In addition, on the Straight Talk® Facebook page, defendants advertise the following:

  a. "Cut your cell bill in half and save up to $1,000 when you switch to Straight Talk. We have the same networks. We just charge less for them. Feel Richer."

  b. "**Mission** Straight Talk® is designed to do exactly what it says: provide everything most people need in a cell phone, without a contract."

  c. "You can go Unlimited* for $45 a month and get Unlimited* talk, text and Mobile Web Access nationwide anytime, and calls to 411 at no additional charge."

  d. "Straight Talk is a brand of TracFone Wireless, Inc., the 5th largest wireless provider in the U.S. and America's #1 No-Contract Cell Phone Company."

  e. "Straight Talk has nationwide coverage on America's most dependable networks."

  f. "In an effort to lure consumers away from their competition, Defendants advertise that Straight Talk® offers the "same phones," on the "same network," at "half the cost" of their competitors."

  g. "Straight Talk® has a global relationship with major manufacturers such as Nokia, Motorola, Samsung and LG. Therefore, we are able to bring the highest quality phones and features to customers at the best prices."

*See* https://www.facebook.com/StraightTalkWireless/info.

24.     These uniform representations and assurances were intended to lure consumers into purchasing Straight Talk® phones and "unlimited" service plans.

25.     Despite these representations, which included explicit promises of "Unlimited" talk, text and data service, Defendants systemically and uniformly throttle or terminate

consumers' "unlimited data, without any notice or warning, when these consumers allegedly exceed Defendants' undisclosed data limits.

### *Defendants' Deceptive Conduct of Throttling or Terminated the Unlimited Service Plans*

26.     Defendants lure unsuspecting consumers to purchase the Straight Talk® phones and unlimited service plans by touting Straight Talk® as one of the largest no-contract prepaid wireless service plans in the United States, with unlimited talk, text and data plans at half the cost of the competition so consumers can feel richer.   However, Defendants fail to inform consumers that this "unlimited" service plan is not actually unlimited.

27.     In order to regulate data usage and costs, Defendants have surreptitiously implemented monthly data usage limits.   These limits are not disclosed to consumers, and are contrary to the widespread, uniform marketing campaign in which Defendants aggressively advertise the Straight Talk® unlimited service plan - prominently, on the front and center of each of its advertisements - as providing unlimited talk, text and data, without limitation.

28.     Defendants regulate data usage and costs by throttling or terminating their consumers' "unlimited" data, without any notice or warning, when those consumers exceed Defendants internally proscribed and undisclosed data usage limits.   Throttling is the intentional slowing of internet service and is a reactive measure employed by Defendants in an attempt to regulate network traffic and minimize bandwidth congestion.   Defendants' practice of throttling serves as a backdoor limit of data usage by unreasonably interfering with a consumers' data usage and making internet access difficult, and often impossible.

29.     Defendants throttling of consumers' data usage, particularly in light of their aggressive "unlimited" data marketing campaign, is an unfair and deceptive practice employed to manage their consumers' demand for mobile data.

30.     Defendants do not notify or adequately notify consumers of the above-referenced limitations.

31.     Plaintiff and Class Members have been damaged by virtue of paying a price for products and services which were not delivered as represented.

### Consumer Complaints

32.     Despite their throttling and termination of consumers' data access, and despite widespread consumer complaints regarding same, Defendants continue to market and sell the unlimited talk, text and data plans, despite knowing that they are unable to deliver the products and services as marketed.

33.     When consumers question Defendants about the throttling or service termination, they are sent to a "High Data Usage Hotline" where they are met with an automated message that informs consumers that their service may have been suspended or reduced "due to violation of our Terms and conditions" and that "our customer care representatives cannot override this policy or restore" data access.   The Terms and Conditions that Defendants refer to are not adequately disclosed to consumers.

34.     The following are examples of consumers complaints about the throttling and service termination described herein:

> Straight Talk, Inc. has deceptively advertised unlimited talk, text messaging and internet data services. They abruptly ceased providing my cell phone with the contracted and advertised unlimited data service on 04-2013 without notification. Upon speaking with their customer service, the representative was hesitant to provide clear guidelines of abuse under the Terms and Conditions sections 6 and 7, but assured me that data services would be return upon my monthly renewal data 04-29-2013. I have not had my data services restored. My account has been prepaid out to 09-29-2013.

http://www.ripoffreport.com/r/Straight-Talk-Inc/Miami-Florida-33178/Straight-Talk-Inc-Straight-Talk-deceptive-advertising-Miami-Florida-1047404

False advertising on the unlimited Data. NOT TRUE! IT IS VERY LIMITED or they shut you off!!!

http://www.complaintsboard.com/complaints/straight-talk-false-advertising-c675090.html

I have just used less than 3 gb of data in 20 days of there unlimited plan and they stopped my data service for violation. When called they transfer to technical department which only has automated service and nobody to talk to. So i think it is a scam and would like people think twice before signing for it.

http://www.complaintsboard.com/complaints/straight-talk-scam-on-unlimited-data-c668835.html

I called five times to get a reason for their action, the conversation always ended up with a recorded massage about my usage. Wait. I paid for unlimited access. I pay 45 dollars a month for this service. I also sent 645 dollars for an I phone 5 from Wal-Mart so I can enjoy this service. I finally asked to speak to a manager. He answered, saying also that my usage was high. I asked; why didn't I get some kind of warning before they suspended my services. He forwarded me to the same pre recorded massage. Really.  This has to be false advertisement on behalf of Wal-Mart and Straight Talk.

http://www.complaintsboard.com/complaints/straight-talk-customer-service-c662777.html

35.    In  addition,  independent  tests  conducted  by  consumer  groups  confirm

Defendants' deceptive conduct.  After receiving several reports from Straight Talk customers

about "horror stories" with their so-called unlimited data plans, Newsbeat Epicenter ordered two

separate Samsung Galaxy phones and unlimited data plans for each phone from Wal-Mart's

website.  The examiners conducted a real-world test of the unlimited plans on these phones and

found that data slowed down to nearly nothing on both phones within three weeks of using the

phones.  The examiners contacted Defendants and were informed that their data was throttled because they used too much data, and that theirs service would not return to normal until they renewed the so-called unlimited service plan the following month.  The examiners then renewed the plans and the data speed returned to normal for only a few hours, only to be deactivated 12 hours later because of high data usage. *See* http://mythreecents.com/showReview.cgi?id=120749.

36.    Despite widespread consumer complaints and other independent testing about Defendants' deceptive conduct regarding the unlimited data plans, Defendants continue to promote the unlimited data plan as providing "unlimited talk, text and data" without any adequate disclosures that the unlimited plan is actually significantly limited and that consumers who actually use the data service will be punished with throttling and termination of their service.  Notwithstanding Defendants' widespread marketing campaign, consumers have not received what they were promised and have thus purchased phones and service plans that are less valuable and more expensive to drive than what Defendants have represented.  Consumers have therefore not received the benefit of their bargain.

## CLASS ACTION ALLEGATIONS

37.    As detailed below in the individual counts, Plaintiff bring this lawsuit on behalf of himself and all others similarly situated, pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

38.    Plaintiff seeks to represent the following class:

> All Florida consumers who purchased the Straight Talk® phone and unlimited service plan and whose data was throttled or terminated prior to the expiration of the service plan.

Excluded from the above class are Defendants and their officers, directors and employees.

39.   ***Numerosity***.  Members of the Class are so numerous and geographically dispersed throughout Florida that joinder of all members is impracticable. While the exact number of Class members remains unknown at this time, upon information and belief, there are tens of thousands of putative Class members throughout Florida.

40.   ***Existence and Predominance of Common Questions of Law and Fact***.  This action involves common questions of law and fact, which predominate over any questions affecting individual class members.   These common legal and factual questions include, but are not limited to, the following:

  a.   whether Defendants' conduct described herein violates the Florida Deceptive and Unfair Trade Practices Act, F.S. §§ 501.201, *et. seq.*;

  b.   whether Defendants' marketing of the Straight Talk® phones and "Unlimited" service plan is a deceptive and unfair trade practice in violation of the Florida Deceptive and Unfair Trade Practices Act, F.S. §§ 501.201, *et. seq.*;

  c.   whether Defendants' breached their express warranties with Plaintiff and the Class;

  d.   whether Defendants' have been unjustly enriched to the detriment of Plaintiff and the Class;

  e.   whether Plaintiff and the Class have sustained damages as a result of the conduct alleged herein and, if so, what is the proper measure of such damages; and

  f.   whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

41.   ***Typicality***.  Plaintiff's claims are typical of the claims of the members of the class because, *inter alia*, all Class members were injured through the uniform misconduct described

14

above, were subject to Defendants' deceptive "Unlimited" service plan statements, including the deceptive "Unlimited" service plan statements that accompanied each and every product package.   Plaintiff is advancing the same claims and legal theories on behalf of themselves and all members of the Class.

42.   ***Adequacy of Representation***.   Plaintiff will fairly and adequately protect the interests of the members of the Class.   Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the class.

43.   ***Superiority***.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   Class Members number in the tens of thousands and individual joinder is impracticable.   The expense and burden of individual litigation would make it impracticable or impossible for proposed class members to prosecute their claims individually. Most individual Class Members have little ability to prosecute an individual action due to the complexity of the issues involved in this litigation and the significant costs attendant to litigation on this scale compared to the significant, but relatively small, damages suffered by individual Class Members.   Further, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.   By contrast, a class action provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.   Trial of Plaintiffs' and Class Members' claims is manageable, and economies of time, effort, and expense will be fostered and uniformity of decisions will be insured.   Without a class action, the Class Members will continue

to suffer damages and Defendants' violations of law will proceed without remedy while they continues to retain and reap the proceeds of their wrongful conduct.

44.     Defendants have acted and refused to act on grounds generally applicable to the class by engaging in a uniform marketing and advertising campaign containing deceptive and misleading representations and material omissions that misled Plaintiffs and the Class, thereby making appropriate final injunctive relief with respect to the classes as a whole.

## PLAINTIFF'S INDIVIDUAL CLAIMS

45.     Plaintiff purchased a LG Zip by Motorola Straight Talk® phone with an "Unlimited" one-year service plan for $45 a month in February 2013 at Wal-Mart.  Plaintiff paid $299.00 for the phone and $540.00 for one year of the "Unlimited" service plan.  Plaintiff was required to purchase the $45 a month "Unlimited" service plan with his Straight Talk® phone, which was the only plan available for the Straight Talk® phone that he purchased.

46.     Prior to purchasing the Straight Talk® phone and "Unlimited" one-year service plan, Plaintiff viewed and heard advertisements for the Straight Talk® phone and "Unlimited" service plan at Wal-Mart, on the television and radio, and on the product package, all of which indicated that he would receive "Unlimited" talk, text and date for $45 a month, without restriction.   Plaintiff did not view, nor was Plaintiff aware of, any arbitration agreements or any class action ban as part of his purchase and use of the Straight Talk® phone and "Unlimited" service plan.

47.     In approximately mid-March 2013, after experiencing throttling problems with his LG Zip phone service, Plaintiff went to Wal-Mart and exchanged his LG Zip phone for a Samsung Hawaii Straight Talk® phone.  Approximately three weeks later, in early April 2013, after again experiencing throttling problems with his Samsung Hawaii Straight Talk® phone,

Plaintiff went to Wal-Mart and exchanged his Samsung Hawaii Straight Talk® phone with a LG Optimus Showtime Straight Talk® phone.  Plaintiff yet again experienced throttling problems with his LG Optimus Showtime Straight Talk® phone and in early May 2013, he went to Wal-Mart and exchanged his LG Optimus Showtime Straight Talk® phone with another LG Zip phone.  Plaintiff is continuing to experience throttling problems with his LG Zip Straight Talk® service.

48.     During the time that Plaintiff had each of the above Straight Talk® phones, each of which was on the annual "Unlimited" Straight Talk® service plan that Plaintiff purchased, Plaintiff experienced throttling of his service, which often slowed down to the point that he was completely unable to connect to the internet.  Plaintiff has not been able to connect to the internet at all for at least half of each month he has had the Straight Talk® phones and "Unlimited" service plan. Plaintiff called Defendants on multiple occasions to question why his plan was subject to such aggressive throttling and each time he called, he was transferred to the "High Data Usage Hotline," which is a recorded message that does not provide any explanation why Plaintiff's "Unlimited" data plan is subject to throttling or termination because of high-data usage.

49.     When Plaintiff purchased the Straight Talk® phone and Straight Talk® "Unlimited" service plan, Plaintiff reasonably believed that he would have unlimited talk, text and data service, and that he would not be subject to the throttling and service termination as a result of alleged high-data usage as described herein.

50.     Had Plaintiff known that the Straight Talk® "Unlimited" one year service plan was subject to data restrictions, and that these restrictions would result in limited use of his

phone's data service, Plaintiff would not have purchased the Straight Talk® phone or the accompanying Straight Talk® "Unlimited" service plan.

51.     Plaintiff also purchased Straight Talk® phones for his wife and sister, along with 3-months of the $45 a month "Unlimited" service plan for each phone.  Plaintiff's wife and sister have experienced the same throttling and service termination issues that Plaintiff has experienced.

## COUNT I

### Violation of the Florida Deceptive and Unfair Trade Practices Act
### Fla. Stat. §501.201

52.     Plaintiff restates and realleges paragraphs 1 through 51 as if fully set forth herein.

53.     Plaintiff asserts this cause of action on behalf of himself and the Class.

54.     Plaintiff and Class members are "consumers" as defined by Florida Statute §501.203(7), and the subject transactions are "trade or commerce" as defined by Florida Statute §501.203(8).

55.     FDUPTA was enacted to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

56.     For the reasons discussed herein, Defendant violated and continues to violate FDUPTA by engaging in the herein described unconscionable, deceptive, unfair acts or practices proscribed by Florida Statute §501.201, *et seq*.  Defendant's affirmative misrepresentations, omissions and practices described herein were likely to, and did in fact, deceive and mislead members of the public, including consumers acting reasonably under the circumstances, to their detriment.

57.     Defendant's actions constitute unconscionable, deceptive, or unfair acts or practices because, as alleged above, *inter alia*, Defendant engaged in deceptive and misleading advertising, and misrepresented and omitted material facts regarding their Straight Talk® "Unlimited" service plan, thereby offending an established public policy, and engaging in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers.

58.     Plaintiff and the Class reserve the right to allege other violations of FDUPTA as Defendant's conduct is ongoing.

59.     As a direct and proximate result of the unconscionable, unfair, and deceptive acts or practices alleged herein, Plaintiff and the Class members have been damaged and are entitled to recover actual damages to the extent permitted by law, including class action rules, in an amount to be proven at trial.  In addition, Plaintiff and the Class seek equitable relief and to enjoin Defendants on the terms that the Court considers reasonable, and reasonable attorneys' fees.

## COUNT II
### Breach of Express Warranty

60.     Plaintiff restates and realleges paragraphs 1 through 51 as if fully set forth herein.

61.     Plaintiff, and each member of the Class, formed a contract with Defendants at the time Plaintiff and the other members of the Class purchased a Straight Talk® phone and an "Unlimited" service plan.  The terms of that contract include the promises and affirmations of fact made by Defendants on the product labels and through their marketing campaign, as described above. This product labeling and advertising constitutes express warranties, became part of the basis of the bargain, and is part of a standardized contract between Plaintiff and the members of the Class on the one hand, and Defendants on the other.

62.     All conditions precedent to Defendants' liability under this contract have been performed by Plaintiff and the Class.

63.     Defendants breached the terms of this contract, including the express warranties, with Plaintiff and the Class by not providing a product which provided the promised benefits as described above.

64.     As a result of Defendants' breach of its contract and warranties, Plaintiff and the Class have been damaged in the amount of the purchase price of the Straight Talk® phone and "Unlimited" service plan.

## COUNT III
### Unjust Enrichment

65.     Plaintiff restates and realleges paragraphs 1 through 51 as if fully set forth herein.

66.     Plaintiff and the Class have conferred a benefit upon Defendants by purchasing the Straight Talk® phone and "Unlimited" service plan, which did not perform as promised.

67.     By their deceptive, misleading and unlawful conduct alleged herein, Defendants have unjustly received and retained a benefit at the expense of Plaintiffs and Class Members.

68.     Under principles of equity and good conscience, Defendants should not be permitted to retain money belonging to Plaintiff and the Class that it unjustly received as result of its deceptive, misleading and unlawful conduct alleged herein without providing compensation to Plaintiff and Class Members.

69.     Plaintiff and the Class have suffered financial loss as a direct result of Defendants' conduct.

70.     Plaintiff and Class Members are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon all profits, benefits and other compensation obtained

by Defendants, and for such other relief that this Court deems proper, as a result of their deceptive, misleading and unlawful conduct.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury.

Dated:     August 12, 2013

Respectfully submitted,

/s/J. Andrew Meyer
J. ANDREW MEYER, ESQUIRE
Florida Bar No. 0056766
RACHEL SOFFIN, ESQUIRE
Florida Bar No. 018054
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-4787
Email: ameyer@forthepeople.com
          rsoffin@forthepeople.com