**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 13-22882-Civ-COOKE/TURNOFF**

JOHN BROWNING, on behalf of himself
and all others similarly situated,

     Plaintiff,

  v.

TRACFONE WIRELESS, INC. d/b/a
STRAIGHT TALK WIRELESS, NET10
WIRELESS, SIMPLE MOBILE and
TELCEL AMERICA and WAL-MART
STORES, INC.,

     Defendants.

**MOTION TO INTERVENE AND TO DISMISS OR, IN THE ALTERNATIVE, TO STAY ACTION PURSUANT TO THE FIRST-FILED RULE AND INCORPORATED MEMORANDUM OF LAW**

   Pursuant to Federal Rule of Civil Procedure 24(b), proposed intervenors David Hansell, Edward Tooley, Christopher Valdez, Mona Gandhi, Marisha Johnston, Marhall Tietje, and Martin Blaqmoor, through their undersigned counsel, respectfully move to intervene in this action for the limited purpose of filing this Motion to Dismiss or, in the Alternative, Stay this Action Pursuant to the First-Filed Rule.

**I.**   **INTRODUCTION**

   Perhaps unbeknownst to this Court, but certainly known to the parties in this litigation, a parallel class action—the *Hansell* action—with "virtually identical" (to use the Defendants' words) allegations and claims against the same defendants sued here was

*already pending* in the Northern District of California prior to the commencement of this action. At that time, the only notable difference between the *Hansell* action and this action was that the *Hansell* action proposed a nationwide class, while this action was limited to a proposed class of Florida residents.

Recent events have eliminated any significant distinctions between the first-filed *Hansell* action and this action. Subsequent to reviewing the allegations of the first-filed *Hansell* action, Plaintiff Browning filed an Amended Complaint, expanding the proposed class to a nationwide class. Moreover, while Plaintiff Browning also added claims arising from Defendant TracFone's Net10 and Simple Mobile cell phone brands, these claims completely overlap with two additional parallel class actions—*Gandhi* and *Blaqmoor* actions—that have been related to the *Hansell* action, and are thus pending before the same court as the *Hansell* action.

To avoid duplicative effort, judicial waste, and the potential for inconsistent rulings, it is critical that the Court dismiss or stay this action. Defendants recently tried, and failed, to transfer the *Hansell* action to this District. The *Hansell* Court not only denied Defendants' motion to transfer, but also has set a briefing schedule and hearing on Defendants' anticipated arbitration motion and ordered that discovery proceed on liability issues, making clear that the litigation in the Northern District of California will proceed *no matter what occurs* in this litigation. Thus, the best way to avoid judicial waste and potentially conflicting rulings is to dismiss or stay this case pursuant to the first-filed rule.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The *Hansell* Action

On July 24, 2013, proposed intervenors David Hansell, Edward Tooley, and Christopher Valdez filed a nationwide putative class action, entitled *Hansell et al. v. TracFone Wireless, Inc., et al.*, Case No. CV 13 3440, in the United States District Court for the Northern District of California against TracFone Wireless Inc., d/b/a Straight Talk Wireless ("TracFone") and Wal-Mart Stores, Inc. ("Walmart") (together, "Defendants") (the "*Hansell* action"). The *Hansell* action alleges that Defendants falsely advertise that their Straight Talk smartphone data plans provide "UNLIMITED" data, when in fact Defendants routinely limit customers' data through either throttling or terminating data access. Declaration of Michael Sobol ("Sobol Decl."), Ex. 1 at ¶¶ 1, 3. The prominent representation of "UNLIMITED" data—in conspicuous, bold lettering—induces consumers to purchase Straight Talk branded and locked smartphones, SIM cards, and cell phone plans. *Id.*, ¶¶ 22-23. Contrary to this material misrepresentation, Defendants implement internally established data limits that they purposefully fail to disclose to consumers. *Id.*, ¶ 26. When consumers exceed Defendants' secret data limits, Defendants throttle consumers' data to extremely slow speeds or terminate their access to data altogether. *Id.*, ¶ 27. Moreover, even if consumers do not exceed these secret data limits, Defendants accede to the pressures of their wireless network partners (*e.g.* AT&T) and will still throttle or terminate consumers' data. *Id.*, ¶¶ 27, 33.

The *Hansell* action brings claims for (1) Breach of Contract based on Defendants' failure to provide unlimited data as promised; (2) in the alternative to their breach of contract claim, Breach of the Covenant of Good Faith and Fair Dealing; (3) Unjust Enrichment; and

(4) violations of Florida's Deceptive and Unfair Trade Practices Act.

On October 7, 2013, Defendants filed a motion to transfer the *Hansell* action to this District.  On November 22, 2013, the Honorable Edward M. Chen denied Defendants' motion.  Sobol Decl., Ex. B.  In denying Defendants' motion, Judge Chen found that, "[b]ecause Plaintiffs were the first to file, their choice of forum should receive additional deference consistent with the first-to-file rule" and that "[t]he first-to-file rule creates a presumption that favors venue in this district." *Id.* at 5, 7.  Judge Chen additionally found that, because there are now three similar actions against Defendant TracFone currently pending in the Northern District of California (*see* Section II.B. below), the "center of gravity currently appears to be in [the Northern District of California]." *Id.* at 7.

The parties in the *Hansell* action have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), have exchanged initial disclosures, and have appeared before Judge Chen for an Initial Case Management Conference.  The plaintiffs in the *Hansell* action have already served Defendants with Requests for Production and Notices of 30(b)(6) depositions.

**B.    The *Gandhi* and *Blagmoor* Actions**

On November 14, 2013, proposed intervenors Mona Gandhi, Marisha Johnston, and Marshall Tietje filed a putative class action entitled *Gandhi et al. v. TracFone Wireless, Inc.*, Case No. 13-cv-5296, in the United States District Court for the Northern District of California, against Defendant TracFone (the "*Gandhi* action").  Sobol Decl., Ex. C.  The *Gandhi* action is substantially identical to the *Hansell* action, but instead of alleging claims premised on TracFone's Straight Talk brand, it alleges claims arising from TracFone's false advertising of its Net10 branded "unlimited" cell phone plan.  *See id.*

On the same day, proposed intervenor Martin Blaqmoor filed a putative class action entitled *Blaqmoor v. TracFone Wireless, Inc.*, Case No. 13-cv-5295, in the United States District Court for the Northern District of California, against Defendant TracFone (the "*Blaqmoor* action").  Sobol Decl., Ex. D.  The *Blaqmoor* action is likewise substantially identical to the *Hansell* action, and alleges claims arising from TracFone's false advertising of its Simple Mobile branded "unlimited" cell phone plan.  *See id.*

On November 21, 2013, Judge Chen issued an order relating the Gandhi and the *Blaqmoor* actions to the *Hansell* action.  Sobol Decl. Ex. E.

**C.**      **This Action**

On August 12, 2013, approximately three weeks after the *Hansell* action was filed, Plaintiff John Browning filed this action, initially on behalf of a putative class of Florida residents.  (*See* Dkt. No. 1).  As Defendants acknowledged in seeking to transfer the *Hansell* action to this Court, this action involves the "same alleged conduct" and "virtually identical allegations" as the first-filed *Hansell* action.   Sobol Decl., Ex. F [Defendant's Mot. to Transfer at 1, 10].  Indeed, much of the language from the complaint filed in this action tracks, nearly word-for-word, the language of the complaint filed in the *Hansell* action.  *E.g., compare* Dkt. 1 at ¶8 ("Once Defendants throttle or terminate data service to their 'Unlimited' data plan subscribers, they do not restore data access or regular data speeds unless and until the subscriber's prepaid data plans expires [sic] and the subscriber purchases a new Straight Talk service plan." *with* Sobol Decl., Ex. A at ¶5 ("After Defendants throttle or terminate data service to their 'unlimited' data plan customers, they engage in the practice of failing to restore data access or regular data speeds unless and until subscribers' current prepaid data plans expire *and* subscribers purchase new Straight Talk service plans.")

On November 18, 2013, Plaintiff Browning filed an Amended Complaint in this action.  (*See* Dkt. No. 28).  The Amended Complaint expands the putative class to a proposed nationwide class, so that the proposed class in this action now completely overlaps with the proposed class in the first-filed *Hansell* action.  *See* Sobol Decl., Ex. A.  The Amended Complaint also adds claims arising from TracFone's advertising of its Net10, Simple Mobile, and TelCel America "unlimited" cell phone plans, making this action substantially similar to the *Gandhi* and *Blaqmoor* actions.  *See* Sobol Decl., Exs. B and C.

## III.   ARGUMENT

### A.   Permissive Intervention is Warranted

Pursuant to Federal Rule of Civil Procedure 24(b), permissive intervention is appropriate where (1) the motion is timely; (2) the proposed intervenor has "a claim or defense that shares with the main action a common question of law or fact"; and (3) intervention will not "unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. Proc. § 24(b).

The Court should permit intervention here for the limited purpose of filing this Motion to Dismiss or, in the Alternative, to Stay this Action Pursuant to the First-Filed Rule. As explained in further detail below, this action involves the same Defendants, the same putative class, and substantially the same allegations as an earlier filed case, the *Hansell* action.  Now that this action has expanded to include claims arising from Defendant TracFone's Net10 and Simple Mobile brands, it also overlaps with the claims alleged in the two cases that have been related to the *Hansell* action—the *Gandhi* and *Blaqmoor* actions. The proposed intervenors therefore have claims that share with this action "common questions of law or fact."  *See* Fed. R. Civ. Proc. 24(b).

In addition, intervention will not unduly delay or prejudice the parties' rights. Plaintiff Browning is an absent class member in the *Hansell, Gandhi*, and *Blaqmoor* actions, and so even if this action is dismissed, his interests will continue to be represented. *See, e.g., Askin v. The Quaker Oats Co.*, No. 11 CV 111, 2011 U.S. Dist. LEXIS 121410, at \*16 (N.D. Ill. Oct. 20, 2011) (allowing named plaintiffs in a parallel class action to intervene for the purpose of filing a motion to dismiss based on the first-filed rule, and rejecting argument that the later-filing plaintiff's rights would be prejudiced through the sought-after dismissal). And, the *Hansell* action is at least at the same procedural stage of litigation as this action— in fact, it is further along as the plaintiffs in the *Hansel* action have served discovery—such that no undue delay would result through intervention.

Finally, this motion is timely because it is being filed shortly after two key events occurred:  First, on November 18, 2013, Plaintiff Browning filed an Amended Complaint expanding the putative class in this action from a Florida-only class to a nationwide class— i.e., the same nationwide class alleged in the *Hansell* action.  Second, on November 22, 2013, Judge Chen denied the Defendants' motion to transfer the *Hansell* action to this District.

It is now apparent that the *Hansel* action (and, by extension, the *Gandhi* and *Blaqmoor* actions which Judge Chen related to *Hansel*) will proceed in California no matter what occurs in this litigation.  Thus, permissive intervention, as requested herein, is not only timely and appropriate under applicable standards, it is necessary to determine whether this Court should apply the well-established first-filed rule to avoid the judicial inefficiency and possibly contradictory rulings that would result from parallel class action proceeding in two different districts.  The Court should therefore grant permissive intervention.

**B.      The Court Should Dismiss or Stay this Action Pursuant to the First-Filed Rule**

"The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading*, 713 F.3d 71, 78 (11th Cir. 2013) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc., v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982)). "The first-filed rule is premised on judicial economy, comity amongst the district courts, and the desire to avoid potentially conflicting rulings." *DHL Express (USA), Inc. v. Unishippers Global Logistics, LLC*, No. 08-62072-CIV, 2009 U.S. Dist. LEXIS 76935, at *3 (S.D. Fla. Aug. 27, 2009) (Cooke, J.) (citing *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 977 (3d Cir. 1988)). The first-filed rule is regularly applied where competing class actions are filed. *See, e.g., In re: Checking Account Overdraft Litig.,* 859 F. Supp. 2d 1313, 1324-25 (S.D. Fla. 2012) (enjoining copycat class action pursuant to the first-filed rule); *Martin v. Cargill, Inc.,* No. 13-2563, 2013 U.S. Dist. LEXIS 154862, at *27-32 (D. Minn. Oct. 29, 2013) (denying motion for preliminary approval of class action settlement and staying case because there was a competing, previously filed class action pending in another jurisdiction).

Where the party seeking application of the rule establishes that the issues and parties in parallel actions are overlapping, a party objecting to the jurisdiction in the first-filed forum carries the burden "of proving compelling circumstances to warrant an exception to the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). That burden is a heavy one. In *Manuel*, for example, allegations that the plaintiff lied about where he was going to work so that he could file suit in Georgia, before the defendant filed suit in Ohio for

breach of a noncompetition agreement, did not rise to the level of "compelling" circumstances necessary to warrant an exception to the first-filed rule.  *Id.  See also DHL Express*, 2009 U.S. Dist. LEXIS 76935, at *5 (dismissing later-filed action pursuant to the first-filed rule because the parties and issues were "sufficiently similar and overlapping" and the defendant did not show "compelling circumstances to overcome the presumption in favor of dismissal"); *Nebula Glass Int'l v. Budnick Converting, Inc.*, No. 09-61256-CIV, 2010 U.S. Dist. LEXIS 10224, *4 (S.D. Fla. Feb. 5, 2010) (Cooke, J.) (dismissing later-filed action pursuant to the first-filed rule because the two cases involved "exactly the same parties, and exactly the same issues").

Application of the first-filed rule to dismiss or, in the alternative, to stay this action is necessary.  This action involves defendants that are identical to the defendants in the earlier-filed *Hansell* action.  *See* Sobol Decl., Ex. A.  And, through the Amended Complaint, Plaintiff Browning has expanded the proposed class in this action from a class of Florida residents to a nationwide class that overlaps with the classes *Hansell, Gandhi,* and *Blaqmoor. Compare* Dkt. 1 at ¶45 *with* Sobol Decl., Ex. A at ¶101; Ex. C at ¶99; Ex. D at ¶66.  *See also Askin*, 2012 U.S. Dist. LEXIS 18665, at *13 (in applying the first-filed rule to putative class actions, the question of whether the proposed classes are identical, and not whether the named plaintiffs are identical, is the "proper focus of inquiry").

Further, as Defendants concede, this action is premised on "the same conduct" and "virtually identical allegations" at issue in the *Hansell* action.  Sobol Decl., Ex. F [Defendant's Mot. to Transfer at 1, 10].  Indeed, many of the allegations in this later-filed action appear to be copied nearly word-for-word from the *Hansell* complaint.  *E.g., compare* Dkt. 1 at ¶25 ("Defendants systemically and uniformly throttle or terminate consumers'

'unlimited' data, without any notice or warning, when these consumers allegedly exceed Defendants' undisclosed data limits.") *with* Sobol Decl., Ex. A at ¶27 ("Defendants throttle data speeds or terminate their 'unlimited' customers' data, typically without any notice or warning, when those customers exceed Defendants' undisclosed data usage limits."). Moreover, Plaintiff Browning recently expanded the complaint to cover Defendant TracFone's Net10 and Simple Mobile cell phone brands—the same brands at issue in the *Gandhi* and *Blaqmoor* actions.  (*See* Dkt. No. 28).  The *Gandhi* and *Blaqmoor* actions are related to and pending in the same court as the *Hansell* action.  Sobol Decl., Ex. E. Accordingly, "there can be little debate that the allegations underlying both suits are almost identical."  *See Askin*, 2012 U.S. Dist. LEXIS 18665, at *8 (granting intervenors' motion and staying later-filed parallel class action pursuant to the first-filed rule).

Applying the first-filed rule here will further the rule's purpose of promoting judicial economy.  In their unsuccessful motion to transfer the *Hansell* case to this Court, Defendants urged Judge Chen to transfer the *Hansell* action to this District on the ground that, if Judge Chen did not do so, "there will be two parallel actions" which would result in a "wastefulness of time, energy, and money."  Sobol Decl., Ex. G [Def.'s Reply at 9].  But, Judge Chen rightfully found that the factors under 28 U.S.C. section 1404(a) did not favor transfer of that first-filed action, and denied Defendants' motion.  Sobol Decl., Ex. B.  Thus, the best way to prevent the judicial inefficiency and wastefulness that Defendants themselves have argued should not occur is to stay *this* action pursuant to the first-filed rule.  *See Martin*, 2013 U.S. Dist. LEXIS 154862, at *31-32 (noting that the concerns underlying the first-filed rule were "particularly acute" because another court had declined to stay an earlier-filed, overlapping class action).

No compelling circumstance exists to justify straying from the first-filed rule here. The proposed intervenors anticipate that the Defendants, and possibly Plaintiff Browning, will argue that this action should proceed in this District because the principal place of business of one (but not both) of the Defendants—Defendant TracFone—is located in Miami.  As this Court has previously found, however, the fact that one of the party's principle places of business is located in the second-filed forum, and that the first-filed forum may be less convenient to it, is not a compelling circumstance that warrants an exception to the first filed rule.  Instead, this amounts to an "ordinary" circumstance "that any company faces when conducting business on a national level." *Nebula Glass Int'l*, 2010 U.S. Dist. LEXIS 10224, at *5.  This comports with Judge Chen's determination that the convenience of Defendant TracFone's party-witnesses was insufficient to justify a transfer of the *Hansell* action to this District.  Sobol Decl., Ex. B at 5.  *See also Askin*, 2012 U.S. Dist. LEXIS 18665, at *15-16 (fact that the defendant's employee-witnesses were located in district of second-filed case did not "weigh against giving preference to the first-filed California actions").

Because it is undisputed that the first-filed *Hansell* action is "virtually identical" to this action, and no compelling circumstance exists to justify declining to apply the first-filed rule, the Court should dismiss or, in the alternative, stay this action.

**IV.    <u>CONCLUSION</u>**

For the foregoing reasons, the proposed intervenors respectfully request the Court to grant their motion to intervene and to grant their motion to dismiss or to stay this action pursuant to the first-filed rule.

## LOCAL RULE 7.1 CERTIFICATION

In accordance with Local Rule 7.1(a)(3), on December 4, 2013, undersigned contacted counsel for all parties in this action and advised them of our plans to file this motion no later than the close of the business day on December 4, 2013, and asked whether they would consent to or oppose the relief sought. Joel Feldman, counsel for Defendants, indicated that Defendants will oppose the relief sought in the motion. John Yanchunis, counsel for Plaintiff, did not respond to the voicemail message left for him. Shortly thereafter, the undersigned sent Mr. Yanchunis an email describing the planned filing of the motion and requested a response. Mr. Yanchunis did not respond to the email. On December 4th at approximately 4:00 pm, Mr.Yanchunis' assistant called the undersigned and advised that Mr. Yanchunis was out of the office due to a surgical procedure. As a result, the undersigned sent an email to Mr. Yanchunis' colleagues Scott Weinstein and Rachel Soffin, requesting that they respond in his absence. Copies of these emails are attached as Exhibit 2. Despite these efforts, Plaintiff's counsel has failed to respond to the request for Plaintiff's position with respect to the relief sought in this motion.

Dated:  December 5, 2013.

Respectfully submitted,

/s/ Robert C. Gilbert
Robert C. Gilbert, Esquire
Florida Bar No. 561861
rcg@grossmanroth.com
Robert C. Gilbert, P.A.
2525 Ponce de Leon Blvd.
Suite 1150
Coral Gables, FL 33134
Telephone: (305) 442-8666

Michael W. Sobol
msobol@lchb.com
Nicole D. Reynolds
nreynolds@lchb.com
LIEFF CABRASER HEIMANN &
    BERNSTEIN LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111
Telephone:  (415) 956-1000

(Motion for *Pro Hac Vice Admission* pending)

Daniel M. Hattis
dan@hattislaw.com
HATTIS LAW
1134 Crane Street, Suite 216
Menlo Park, CA 94025
Telephone:  (650) 980-1990

(Motion for *Pro Hac Vice Admission* pending)

Cornelius P. Dukelow
cdukelow@abingtonlaw.com
ABINGTON COLE
320 South Boston Avenue, Suite 1705
Tulsa, Oklahoma 74103
Telephone:  (918) 588-3400

(Motion for *Pro Hac Vice Admission* pending)

*Attorneys for Intervenors*