# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 13-22882-Civ-COOKE/TURNOFF

JOHN BROWNING, on behalf of himself
and all others similarly situated,

      *Plaintiff,*

v.

TRACFONE WIRELESS, INC., et al.

      *Defendants.*

_____/

## SUPERCEDED SETTLEMENT AGREEMENT

This Superceded Settlement Agreement (the "Settlement") is entered into as of March 7, 2014 by and between Plaintiff John Browning, individually and on behalf of the Settlement Class (as defined below), by and through Proposed Settlement and Co-Lead Class Counsel (as defined below), and Defendants TracFone Wireless, Inc. and Wal-Mart Stores, Inc. This Agreement is being submitted pursuant to Fed. R. Civ. P. 23 and is subject to preliminary and final approval by the Court.  This Superceded Settlement Agreement is expressly intended to supercede the Settlement Agreement filed February 10, 2014 [D.E. 51–1], which is null and void.

## DEFINITIONS

As used in the Agreement, the following terms have the meaning specified below:

A.      *"Action"* means the action entitled *John Browning v. TracFone Wireless, Inc. and Wal-Mart Stores, Inc.*, Case No. 1:13-cv-22882-COOKE/Turnoff, pending in the United States District Court for the Southern District of Florida.

B.      *"Settlement Term Sheet"* means that certain settlement term sheet, executed by the parties on December 20, 2013 and filed with the Court on December 23, 2013 at D.E. 44-1, Pages 1-8.

C.     *"Claim Administrator"* means the claim administrator chosen by plaintiffs' and defendants' counsel, retained to administer the claims and settlement fund distribution process.

D.     *"Class Period"* shall mean June 1, 2009 through final approval, provided however, that if TracFone adopts and implements any three of the non-monetary conditions set forth in Paragraph 12 of the Settlement prior to final approval, then the Class Period shall run from June 1, 2009, through the date that the last of those three conditions is adopted and implemented.

E.     *"Complaint"* means the Superceded Class Complaint filed by Plaintiff on November 18, 2013, following the Court's order granting Plaintiff's motion for leave to file an Superceded complaint.

F.     *"Court"* means the United States District Court for the Southern District of Florida.

G.     *"Defendants' Counsel"* means Steven J. Brodie, Carlton Fields, P.A., Miami Tower, 100 S.E. Second Street, Suite 4200, Miami, Florida 33131 and Joel S. Feldman, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603.

H.     *"Effective Date"* has the meaning set forth in Paragraph 30 of this Settlement Agreement.

I.     *"Final Fairness Hearing"* means the hearing in the Action for the Court to consider final approval of this Settlement and the entry of Judgment.

J.     *"TracFone"* means TracFone Wireless, Inc. and shall refer to TracFone branded service offered through the following brand names: (a) Straight Talk; (b) Net10; (c) Telcel America; and (4) Simple Mobile, for the periods both before and after TracFone purchased the assets of Simple Mobile on or about June 18, 2012.

2

K. *"Wal-Mart"* means Wal-Mart Stores, Inc.

L. *"Defendants"* means TracFone and Wal-Mart, collectively.

M. *"Judgment"* means the Final Judgment and Order of Dismissal with Prejudice to be entered in the Action in connection with the Settlement after the Final Fairness Hearing.

N. *"Notice"* means the Notice of Pendency of Proposed Settlement of Class Action, Settlement Hearing and Fee and Expense Application to be sent to Settlement Class Members pursuant to the Preliminary Approval Order.

O. *"Plaintiff"* mean John Browning.

P. *"Preliminary Approval Order"* means the Order Preliminarily Approving Settlement and Providing for Notice to the Class.

Q. *"Proposed Settlement and Co-Lead Class Counsel"* shall mean John Allen Yanchunis, Sr. and J. Andrew Meyer of Morgan & Morgan Complex Litigation Group, 201 N. Franklin Street, 7th Floor, Tampa, Florida, 33602.

R. *"Released Claims"* means all claims and other matters released in and by Paragraph 32 of this Settlement Agreement.

S. *"Released Parties"* means TracFone and Wal-Mart and each of their respective present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, assigns, and insurers, including but not limited to AIG Claims, Inc. and ACE North American Professional Risk Claims, and all of the present and former directors, officers, employees, agents, attorneys, and shareholders of TracFone and Wal-Mart and each of their present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns. This also includes Simple Mobile, LLC ("Simple Mobile") for the periods both before and after TracFone purchased the assets of Simple Mobile on or about June 18, 2012.

T.      *"Releasing Parties"* means Plaintiff and the members of the Settlement Class who have not opted out of the Settlement and each of their respective spouses, executors, representatives, heirs, predecessors, successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants by the entirety, co-borrowers, agents, attorneys and assigns, and all those who claim through them or who assert claims on their behalf; and, with respect to any business entities: members, officers, directors, shareholders, employees, independent contractors, agents, successors, assigns, representatives and all other persons acting or purporting to act on behalf of such business entity.

U.      *"Settlement Class Member[s]"* means all persons who are members of the Settlement Class to be certified under Paragraph 9 of this Settlement Agreement.

V.      *"Settling Parties"* or *"Parties"* means Plaintiff and Defendants.

W.      *"Third Party Notice and Claims Administration Costs"* mean all costs incurred or charged by the Claim Administrator in connection with the notice and claims administration process pursuant to this Agreement. This does not include any costs incurred directly by Defendant or any agent or representative of Defendant.

X.      *"Throttling"* or *"Throttled"* means slowing down the data speed for the data portion of service to unlimited customers prior to the expiration of such service term.

Y.      *"Data Usage Suspension"* or *"Data Usage Suspended"* means suspending access to the data portion of service to unlimited customers prior to the expiration of such service term.

Z.      *"Service Termination"* or *"Services Terminated"* means suspending access to data, voice and SMS to unlimited customers prior to the expiration of such service term.

## **RECITALS**

1.      The Action was commenced on August 12, 2013, by Plaintiff John Browning, as an individual and on behalf of all others similarly situated, in the United States District Court for the Southern District of Florida and was docketed as Case No. 1:13-Civ-22882-Cooke/Turnoff.

2.      In the Complaint filed against TracFone and Wal-Mart, Plaintiff John Browning alleges that when he purchased a TracFone cellular phone and service from Wal-Mart, he was led to believe, through the product marketing, that the data portion of his service would be unlimited when, in fact, the data service was subject to a number of limiting conditions that were either not disclosed or inadequately disclosed. Based on this theory, Browning alleges three causes of action against TracFone and Wal-Mart: Count I - Violation of FDUTPA; Count II - Breach of Express Warranty; Count III - Unjust Enrichment. On November 11, 2013, Browning sought—and on November 13, 2013 was granted—leave to file an Superceded three-count complaint adding three additional TracFone brands: Simple Mobile, NETI0 and Telcel America, and seeking relief on behalf of a nationwide class of similarly situated plaintiffs. The Superceded Complaint was attached as an exhibit to the motion for leave and was reified, pursuant to Court order, on November 18, 2013.

3.      TracFone and Wal-Mart deny the allegations of the Superceded Complaint and believe that the claims in the Action are without merit. TracFone and Wal-Mart have moved to dismiss the complaint on two separate basis. First, they have asserted that the controversy between TracFone and Wal-Mart, on the one hand, and John Browning, on the other, is required to be resolved in a single-plaintiff arbitration, as opposed to a class-action lawsuit. On that basis, TracFone and Wal-Mart have moved to dismiss the action and compel arbitration pursuant to Fed. R. Civ. P 12(b)(1) and 9 U.S.C. § 3. That motion is pending. In addition, and as an independent basis for challenging the viability of this case, TracFone and Wal-Mart have moved

to dismiss the lawsuit for failure to state a cause of action upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). That motion also remains pending. Finally, while the issue is not yet ripe for review, TracFone and Wal-Mart believe there are many strong arguments that militate against certifying this case a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or 23(6)(3). Those arguments include, among other items, significant factual variation that applies to various elements necessary for plaintiffs to prevail on their claims, as well as to various affirmative defenses to those claims. Since the necessity of individualized evidence impacts the manageability aspect of the Rule 23(6)(3) predominance requirement, and since, under *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997), manageability need not be considered for purposes of certifying a settlement class, the proposed settlement class qualifies for settlement class certification.

4.      Nevertheless, for the purpose of avoiding the burden, expense, risk, and uncertainty of continuing to litigate the Action, and for the purpose of putting to rest the controversies engendered by the Action, and without any admission of any liability or wrongdoing whatsoever, TracFone and Wal-Mart desire to settle the Action and all claims asserted in or subsumed by the Action on the terms and conditions set forth herein.

5.      Plaintiff and Proposed Settlement and Co-Lead Class Counsel believe that the claims asserted in the Action have merit. Plaintiff and Proposed Settlement and Co-Lead Class Counsel, however, recognize and acknowledge the risks, expense and length of continued proceedings necessary to prosecute the Action against TracFone and Wal-Mart through motion practice, including but not limited to merits motions and any motion for class certification, trial, and potential appeals. Proposed Settlement and Co-Lead Class Counsel have also taken into account the uncertain outcome and the risks of further litigation, as well as the difficulties and

delays inherent in such litigation. Plaintiff has also taken into account the changes in disclosures that TracFone has made since this lawsuit has commenced.

6.    The Settling Parties have already engaged in discovery since this Action was commenced. TracFone and Wal-Mart have cooperatively participated in discovery with Proposed Settlement and Co-Lead Class Counsel designed to address the allegations set forth in the Complaint. In discovery, Proposed Settlement and Co-Lead Class Counsel reviewed a substantial amount of documents and data relating to liability, damages and class certification issues. In addition, prior to agreeing to a settlement, Proposed Settlement Counsel and Co-Lead Class Counsel conducted a deposition of TracFone, pursuant to Fed. R. Civ. P 30(b)(6). The deposition focused on questions relating to TracFone's practices which are at issue in this Action. Proposed Settlement and Co-Lead Class Counsel believe that the Settlement confers substantial benefits upon the Settlement Class. Plaintiff and Proposed Settlement and Co-Lead Class Counsel have determined that the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

7.    The Settling Parties, by and through their respective duly authorized counsel of record, hereby agree that the Action, and all matters and claims in the Complaint, and all matters and claims arising out of or related to the allegations or subject matter of the Complaint and Action, which were raised or could have been raised, shall be settled, compromised, and dismissed, on the merits and with prejudice, upon the below terms and conditions.

## TERMS OF THE SETTLEMENT

8.    In consideration of the complete and final settlement of the Action, and under the terms and conditions herein, the Settling Parties agree as follows:

## CERTIFICATION OF
## THE SETTLEMENT CLASS

9.     For settlement purposes only, the Settling Parties agree to request that the Court

certify a Settlement Class defined as follows:

> All consumers in the United States who purchased and activated a
> TracFone cell phone or SIM card and/or Activation Kit or Activation
> Code, including without limitation any Straight Talk, Simple Mobile
> (including customers both before and after TracFone's acquisition of
> Simple Mobile on or about June 18, 2012) NET10 and/or Telcel America
> (collectively "TracFone" branded cell phone, SIM card and/or Activation
> Kit or Activation Code) and purchased and redeemed an unlimited service
> plan and whose data usage was Throttled, or Data Usage Suspended or
> Services Terminated. Defendants are excluded from the Class as well as
> any entity in which either of the Defendants has a controlling interest,
> along with Defendants' legal representatives, officers, directors, assignees
> and successors. Also excluded from the Class is any judge to whom this
> action is assigned, together with any relative of such judge, and the spouse
> of any such persons.

The Parties acknowledge that, in considering certification of a settlement class, issues material to

manageability, such as factual and legal variation, need not be considered because, as stated in

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997), manageability need not be

considered in ruling upon certification of a settlement class, since the case is being settled and

not going to trial.

10.     If the Court does not certify the Settlement Class, or changes or alters the composition of the Settlement Class in any way not acceptable to Defendants or Plaintiff, in their sole discretion, Defendants or Plaintiff shall have the right to terminate the Settlement by serving on the opposing Settling Party and filing with the Court a notice of termination within ten days of its receipt of notice of the Court's ruling.

**SETTLEMENT**
**CONSIDERATION**

11.     **Settlement Consideration: Monetary Relief:** Monetary compensation shall be paid by or on behalf of TracFone provided for the benefit of Class Members whose claims are approved for payment as set forth below. There shall be no obligation for Wal-Mart to make any payments.

      a.     **Category 1 - Throttling:**

             A.     Category 1(A) - *Pre-September 27, 2013. (For customers who purchased a Straight Talk, Net10 or TelCel America brand unlimited service card before September 27, 2013).*  Category 1(A) consists of all Class Members:

                    (i)     who purchased and activated a TracFone branded cell phone, SIM card and/or Activation Kit or Activation Code for use on the Straight Talk, Net10 or TelCel America brands; and

                    (ii)    who purchased and redeemed a separate unlimited "service card" or "service plan" for use on the Straight Talk, Netl0 or TelCel America brands; and,

                    (iii)   whose data services were Throttled at TracFone's request prior to October 27, 2013.

9

Each Category 1(A) Class Member submitting a proper claim shall be presumed to have his or her data services Throttled for two months and receive direct cash compensation in the amount of $2.50 per month for a total recovery of $5.00.

B.      Category 1(B) - *Post-September 27, 2013. (For customers who purchased a Straight Talk. Net10 or TelCel America brand unlimited service card on or after September 27,  2013)*.

Category 1(B) consists of all Class Members:

    (i)      who purchased and activated a TracFone branded cell phone, SIM card and/or Activation Kit or Activation Code for use on the Straight Talk, Net10 or TelCel America brands; and,

    (ii)     who purchased and redeemed a separate unlimited "service card" or "service plan" for use on the Straight Talk, Net 10 or TelCel America brands; and,

    (iii)    whose data services were Throttled at TracFone's request.

Each Category 1(B) Class Member submitting a proper claim shall receive direct cash compensation in the amount of $1.00.

C.      Category 1(C) - *Pre-November 1, 2012 (For customers who purchased a Simple Mobile branded unlimited service plan before November 1, 2012)*

Category 1(C) consists of all Class Members:

    (i)      who purchased and activated a SIM card for use with Simple Mobile branded cell phone service,

    (ii)     who purchased and redeemed a separate Simple Mobile branded unlimited "service card" or "service plan", and

10

> > > (iii)    whose data services were Throttled at TracFone's request prior to December 1, 2012.

Each Category 1(C) Class Member submitting a proper claim shall be presumed to have his or her data services Throttled for two months and receive direct cash compensation in the amount of $2.50 per month for each month throttled, for a total recovery of $5.00.

> > D.    Category 1(D) - *Post-November 1, 2012 (For customers who purchased a Simple Mobile branded unlimited service plan on or after November 1, 2012)*

Category 1(D) consists of all Class Members:

> > > (i)    who purchased and activated a SIM card for use with Simple Mobile branded cell phone service, and

> > > (ii)    who purchased and redeemed a separate Simple Mobile branded unlimited "service card" or "service plan", and

> > > (iii)    whose data services were Throttled at TracFone's request.

Each Category 1(D) Class Member submitting a proper claim shall receive direct cash compensation in the amount of $1.00.

> b.    **Category 2 - Data Usage Suspension:**

This Group consists of all Class Members across all four brands at issue—Straight Talk, Simple Mobile, NETI0 and Telcel America:

> > (i)    who purchased and activated a TracFone branded cell phone, SIM card and/or Activation Kit or Activation Code which can be used in or with certain non-TracFone branded cell phones;

        (ii)     who purchased and redeemed a separate unlimited "service card" or "service plan" for their TracFone cell phone; and,

        (iii)    who had their Data Usage Suspended at TracFone's request.

Each Category 2 Class Member submitting a proper claim shall be presumed to have had their Data Usage Suspended for two months and receive direct cash compensation in the amount of $5.00 per month for each month during which their data usage was suspended, for a total recovery of $10.00.

c.     **Category 3 - Services Terminated:** This Group consists of all Class Members across all four brands at issue—Straight Talk, Simple Mobile, NET 10 and Telcel America:

        (i)     who purchased and activated a TracFone branded cell phone, SIM card and/or Activation Kit or Activation Code which can be used in or with certain non-TracFone branded cell phones;

        (ii)     who purchased and redeemed a separate unlimited "service card" or "service plan" for their TracFone cell phone;

        (iii)    who had their Services Terminated at TracFone's request; and,

        (iv)    who did not previously receive some form of compensation from TracFone or Simple Mobile, including but not limited to additional service time, relating to having their Services Terminated.

Each Category 3 Class Member submitting a proper claim shall receive direct cash compensation in the amount of $45.00. Additionally, Class Members of this Category shall be entitled to an additional payment in the amount of $20.00 for the return of their TracFone branded handset to TracFone provided the Class Member had purchased and used the handset at the time services were terminated,

but did not subsequently use the handset with TracFone or any other provider after such service termination.

Because the compensation for Category 3 is intended to encompass the compensation for Categories 1 and 2, and the compensation for Category 2 is intended to encompass the compensation for Category 1, a Class Member may only be a member of one Category. Likewise, a Class Member may only be a member of one Category within Category 1; e.g., if they are a member of Category 1(A), they may not also be a member of Category 1(B).

12.    **Settlement Consideration: Non-Monetary Relief**:

13.    (a)    On or about September 27, 2013, TracFone revised its marketing materials for the Straight Talk; Net 10 and TelCel America brands to specifically inform customers of the levels at which their data service is subject to Throttling. This information had been part of the Simple Mobile marketing materials since approximately November 1, 2012. This information is also included in TracFone's current Terms and Conditions of Service. In addition to the settlement funds, TracFone has agreed to implement or has implemented the following additional changes with respect to its policies regarding data Throttling; Data Suspension and Service Termination of customers: (1) TracFone will modify its Terms and Conditions of Service to suggest that all customers should use Wi-Fi wherever possible when using data services, as the use of Wi-Fi does not count against data allotments; (2) TracFone will modify its activation instructions to again remind customers to review the Terms and Conditions of Service prior to activating their handset; (3) TracFone will take steps to advise customers of free third-party services, such as cell phone "apps" through which customers can track their data usage, or, if technologically feasible, TracFone will develop its own cell phone "app" through which customers can track their data usage and make this app available to its customers free of charge;

13

and (4) TracFone will within six months following approval of the Settlement Agreement, and if technologically feasible, develop and implement a system by which it will advise customers by SMS message when their data speed has been throttled upon reaching the specified data usage levels. TracFone's satisfaction of three of these conditions for purposes of determining the final date of the class period will be subject to verification by Class Counsel. Should that occur, Class Counsel will notify the Court of the revised final date of the class period.

(b)   <u>Process to Determine Class Period:</u>   When TracFone determines that it has satisfied three of the four non-monetary relief considerations, then TracFone shall provide written notice to Co-Lead Counsel notifying which conditions have been satisfied and setting forth the date TracFone contends such conditions were satisfied.  Co-Lead Counsel may proceed forthwith to take confirmatory discovery and upon confirmation that three of the four non-monetary conditions have been satisfied, Browning shall file a Notice of End of Class Period with the Court setting forth the date the Class Period is over.  If TracFone disagrees with the date determined by Co-Lead Counsel, TracFone shall have the right to file an objection to the Notice of End of Class Period.  If Browning fails to proceed forthwith with taking confirmatory discovery, TracFone shall have the right to file a Notice of End of Class Action Period with the Court.  If Co-Lead Counsel disagrees with the Notice of End of Class Action Period filed by TracFone, they may file an objection with the Court.  If either party files an objection, the parties agree that the Court shall then determine whether the conditions have been satisfied and if so as of what date.

14.   **Claim Process:** Class Members who make a proper claim under Category 1 and provide their name, current address, and the telephone number they used for their TracFone service shall receive payment. For Class Members who make a proper claim under Categories 2

and 3 listed above, a claim procedure shall be established, which shall encompass the following terms:

        a.      All claimants must provide name, current address, and the telephone number they used for their TracFone service.

        b.      Category 2 and 3 claimants must affirm, by signing, a pre-printed statement that (i) they had their access to data either suspended or their service terminated and, to the best of their knowledge, the dates of such occurrence(s); and (ii) they did not engage in Prohibited Activity (as defined by the applicable TracFone terms and conditions).

      15.    **ATTORNEYS' FEES, COSTS, AND EXPENSES**

Proposed Settlement and Co-Lead Class Counsel shall seek approval of the Court for attorneys' fees, costs, and expenses not to exceed $1,125,000.00 incurred by Proposed Settlement and Co-Lead Class Counsel in litigating, handling, and resolving the Action. Defendants agree not to oppose such applications. TracFone, Wal-Mart and any of their insurers shall have no other or further liability for the attorneys' fees, costs, and/or expenses of Plaintiff; Proposed Settlement and Co-Lead Class Counsel, or any Settlement Class Member.

      16.    Any attorneys' fees, costs, and expenses awarded by the Court to Proposed Settlement and Co-Lead Class Counsel shall be paid by TracFone no more than fourteen (14) calendar days following the entrance of the Court's award of attorney fees and expenses (the "Fee and Expense Award"). There shall be no obligation for Wal-Mart to make any such payments.

      17.    In the event that the Fee and Expense Award is reversed or modified, then such of Proposed Settlement and Co-Lead Class Counsel who have received any portion of the Fee and Expense Award shall within ten (10) business days from receiving notice from Defendants'

counsel or from a court of appropriate jurisdiction, refund to TracFone such fees and expenses previously paid in an amount consistent with such reversal or modification. Each such Proposed Settlement and Co-Lead Class Counsel law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

18.     Notwithstanding any other provision of this Settlement Stipulation, any order of the Court regarding the Fee and Expense Application, the incentive award to the Plaintiff set out in Paragraph 17, the Plan of Allocation, and/or any appeal from any such order(s), is neither material to, nor part of the Settlement set forth in this Agreement, and shall not operate to terminate or cancel this Agreement, or affect or delay the Judgment approving this Agreement and the Settlement of the Litigation set forth herein from becoming Final. Neither a modification nor reversal on appeal of any order of the Court regarding the Fee and Expense Award, the Co-Lead Plaintiff's Incentive Award and/or the Plan of Allocation shall constitute grounds for any Party to cancel, terminate or withdraw from the Settlement Stipulation.

## INCENTIVE AWARDS

19.     Defendants agree to not oppose application by Plaintiff for an incentive award to Plaintiff in an amount not to exceed $2,000. Such incentive award is subject to approval of the Court and shall be paid by TracFone within thirty (30) business days of the Effective Date. There shall be no obligation for Wal-Mart to make any payments.

## PRELIMINARY APPROVAL

20.     The Parties shall file a motion for preliminary approval in the Action by February 6, 2014, which motion shall attach this Settlement Agreement. The Parties shall request that, after the Notice is given, the Court, in accordance with Fed. R. Civ. P. 23, hold the Final

Fairness Hearing and finally approve the Settlement and enter the Judgment. The motion for preliminary approval shall also seek entry of an order that preliminarily bars and enjoins all Class Members, or any of them, from commencing, prosecuting, participating in or continuing the prosecution of, any Suit asserting any of the Claims released in this Settlement in any capacity, against the Released Parties, pending the final determination of whether this Settlement should be approved by the Court. The Preliminary Approval Order will remain in effect until (i) the Effective Date occurs, (ii) the Court enters an order declaring this Settlement terminated and no longer binding, or (iii) Defendants terminate the Settlement under Paragraphs 36 or 37. At or after the Final Fairness Hearing, Proposed Settlement and Co-Lead Class Counsel will request that the Court approve the proposed Plan of Allocation, the Fee and Expense Application and the Co-Lead Plaintiff's Incentive Award.

## NOTICE TO SETTLEMENT CLASS MEMBERS AND CLAIMS ADMINISTRATION

21.    The Parties have agreed that Third Party Notice and Claims Administration Costs will be in addition to the monetary settlement amounts and that TracFone will pay all such costs. It is expressly understood and agreed to by Settling Parties that neither Proposed Settlement and Co-Lead Class Counsel, nor Settlement Class Members shall be responsible for any of these fees, costs, or expenses. The Parties will work together to select a recognized claims administrator and to effectuate reliable and accurate claims administration.

22.    The Parties will agree on the form and content of class notice and proof of claim form. The Parties agree to the following Notice Program:

a.    **Notice** - Notice to the Class is to be accomplished as follows:

A.    By direct mail, the long form and claim form will be mailed to those Class Members for whom TracFone has complete mailing addresses in its customer database. To the

extent mail is returned as undeliverable, TracFone will make a good faith attempt to locate such class members through the National Change of Address database.

        B.     For those Class Members for whom the notice provisions in A above are unsuccessful, as well as additional Class Members for whom TracFone has an email address in its customer database, a short form notice will be provided by email.

        C.     For current TracFone customers who are known to be Class Members and for whom TracFone does not have either a mailing address or an email address, or for whom notice provisions in A and B above are unsuccessful, notice may be provided by SMS message, provided that the Court expressly provides, to the sole satisfaction of Defendants' Counsel, that such form of notice shall not violate the Telephone Consumer Protection Act (47 U.S.C. § 227) or other state or federal statute.

        D.     For other Class Members, notice is to be accomplished by publication in at least two newspapers or periodicals of national circulation (such as USA Today or Parade Magazine) and also an appropriate media designed to reach Spanish speaking Class Members on at least two occasions in two consecutive weeks.

        E.     Notice will also be provided to Class Members through a website to be created and maintained by the Claim Administrator. This website shall provide, at a minimum, access to copies of relevant court documents, the settlement agreement, the forms of notice to be provided to Class Members, the proof of claim form, and Plaintiffs motion for attorney's fees and costs. F. All forms of notice, except for any text or SMS messages, shall be printed and/or published and provided in both English and Spanish.

        b.     **<u>Proof of Claim Form</u>:** The Claim Form shall provide as follows:

A.      Class members in Categories 1(A); 1(B) and all Straight Talk, Net10 and TelCel America class members in Categories 2 and 3; and all Class members in Categories 1(C); and 1(D) who are submitting a claim for Throttling that occurred after May 14, 2013 and Simple Mobile Class Members in Category 2 who are submitting a claim for Data Usage Suspension that occurred after May 14, 2013 shall provide the following information on their claim form: (i) their name; (ii) their address and (iii) the phone number associated with the TracFone account for which they are making a claim.

B.      Class Members in Categories 1(C) and 1(D) who are submitting a claim for Throttling that occurred before May 14, 2013 and Simple Mobile Class Members in Category 2 who are submitting a claim for Data Usage Suspension that occurred before May 14, 2013 shall provide the following information on their claim form: (i) their name; (ii) their address and (iii) the phone number associated with the TracFone account for which they are making a claim. For Class Members in these categories, the information is to be provided in a sworn response.

C.      Class Members in Category 3 who were Simple Mobile customers who are submitting a claim for Service Terminated shall provide the following information on their claim form: (i) their name; (ii) their address and (iii) the phone number associated with the TracFone account for which they are making a claim. For Class Members in this category, the information is to be provided in a sworn response. In addition, these Class Members shall provide at least one document which evidences that they were a Simple Mobile customer—such as, for instance, a copy of a receipt for purchase of Simple Mobile services.

23.      TracFone shall have the right to ask the Claim Administrator to determine, in the first instance, whether a Class Member submitting a claim in any of the three Categories does, in fact, have a valid claim. After the Claim Administrator makes such a decision, TracFone shall

have the right to challenge any such decision. To the extent a dispute arises between TracFone and Plaintiff as to the sufficiency of a Class Member's supporting materials or a payment amount, such dispute shall be resolved by the mediator used by the Parties to mediate the Action.

24.    The Notice Program for Settlement Class Members, including the content of all notices, is subject to approval by the Court as satisfying the adequacy and due process requirements of Rule 23 of the Federal Rules of Civil Procedure.

25.    The Claim Administrator shall provide a copy of the Settlement Agreement and requested pleadings to Class Members upon request.

**OBJECTION AND
OPT OUT PERIOD**

26.    The deadline for Settlement Class Members to object to the Settlement or to opt out of the Settlement Class (the "Objection and Opt Out Period") shall be (a) at least sixty (60) days from the date of mailing of the Notice and (b) 45 days before the Fairness Hearing.

**CLASS ACTION
FAIRNESS ACT NOTIFICATION**

27.    TracFone shall be responsible for sending the required Class Action Fairness Act notification to the appropriate regulators.

**FINAL
FAIRNESS HEARING**

28.    The Final Fairness Hearing to determine the reasonableness, adequacy, and fairness of the Settlement Agreement will be scheduled at the Court's convenience, but will occur no sooner than forty five (45) days after the Objection and Opt Out Period expires.

29.    (A)    Any Settlement Class Member who objects to the approval of the Settlement Agreement may appear at the Final Fairness Hearing, and show cause why all terms of the Settlement Agreement should not be approved as fair, reasonable and adequate and why a

judgment should not be entered thereon, and further provide that any such objections or any petition to intervene in the Action by a Settlement Class Member must be in writing, and must include: (1) The Class Member's name, address, telephone number, and a statement of whether the Class Member or his or her attorney will ask to appear at the Fairness Hearing; (2) proof that the objector or intervener is a Settlement Class Member as defined in this Settlement Agreement; (3) a statement of each objection being made; (4) a detailed description of the facts underlying each objection; (5) a detailed description of the legal authorities underlying each objection, if any; (6) a list of witnesses who may be called to testify at the Final Fairness Hearing, either live or by deposition or by affidavit, if any; and (7) a list of exhibits, along with copies of the exhibits, that the objector may offer during the Final Fairness Hearing, if any.

(B)     Any Class member who files and serves a timely written objection, as described in paragraph 27(A), may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class member's expense who files the appropriate notice, to object to the fairness, reasonableness or adequacy of this Stipulation, the proposed settlement, the award of attorneys' fees, costs and expenses, or Plaintiff's incentive award. Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to Proposed Settlement and Co-Lead Class Counsel and Defendants' Counsel, and file that notice with the Court, no later than thirty (30) days before the Fairness Hearing, or as the Court otherwise may direct.

(C)     Any Class Member who retains an attorney to prepare the Class member's written objection and/or who intends to appear at the Fairness Hearing through counsel must, in addition to the requirements stated above, do the following in the written objection: (1) set forth the attorney's experience with class actions, including the capacity in which the attorney

21

participated in each class action (e.g. plaintiffs', defendants' or objectors' counsel), and the outcome of each case; (2) if the attorney has previously represented objectors in a class action, then the attorney must detail the disposition or effect that any objection had on each class action case and how much the attorney was paid for the representation of each objector in each class action case; and, (3) even if the Class Member employs an attorney to prepare the written objection, the Class Member must sign the written objection personally as an attestation that the Class Member discussed the objection with his or her attorney and has fully reviewed the written objection.

(D)     Any Class Member who fails to comply with the provisions of the preceding paragraphs of this Section shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in the Action.

(E)     Any Class Member who objects to the settlement shall be entitled to all benefits of the settlement if it is approved.

**PLAN OF ALLOCATION AND
DISTRIBUTION OF THE SETTLEMENT FUND**

30.     Class Members shall have a period of ninety (90) days from the Effective Date of the Settlement to submit claims to the Claim Administrator pursuant to the claim procedures established in Paragraph 20. No claim received after the conclusion of this claim period shall be considered for payment. At the conclusion of the claim period, the Claim Administrator shall process and determine the amount payable on all valid, timely-submitted claims, and the Parties shall resolve any disputes regarding such claims. After all valid, timely submitted claims are processed and determined, and disputes over them resolved, the Claim Administrator shall

distribute settlement payments the Settlement Class Members who have not opted out and who have properly established an entitlement to compensation, as provided herein.

<b>EFFECTIVE DATE<br>OF SETTLEMENT</b>

31.     The Effective Date of the Settlement shall be the thirty-fifth (35th) business day after the Court has entered final Judgment, if no appeal has been filed therefrom. If an appeal has been filed, the Effective Date shall be ten (10) days after the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmation is no longer subject to further appeal or review.

<b>NO ADMISSION<br>OF LIABILITY</b>

32.     Defendants expressly deny any and all liability in this Action. By entering into this Settlement, Defendants are not admitting any liability whatsoever to Plaintiff, any Settlement Class Member or any other person or entity, or the truth of any allegations or circumstances, nor are Defendants waiving any claim, counterclaim, defense, or affirmative defense except to the extent otherwise expressly provided by this Settlement.

<b>RELEASES</b>

33.     (A)     As of the Effective Date, the Releasing Parties, and each of them, shall be deemed to have fully released and forever discharged the Released Parties, and each of them, of and from any and all rights, claims, liabilities, action, causes of action, costs and attorneys' fees, demands, damages and remedies, known or unknown, liquidated or unliquidated, legal, statutory, declaratory or equitable, that Releasing Parties ever had, now have, or may have in the future, that result from, arise out of, are based upon, or relate to in any way the conduct, omissions, duties or matters alleged or that could have been alleged in the Complaint.

23

(B)    Release of Unknown Claims / Waiver of California Civil Code Section 1542. The Parties acknowledges that they may have claims that are currently unknown and that the release in this Agreement is intended to and will fully, finally, and forever discharge all Released Claims, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release. In making this waiver, the Parties understand and acknowledge that they may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but agree that they have taken that possibility into account in reaching this Agreement and that, notwithstanding the  discovery or existence of any such additional or different facts, as to which each expressly assumes the risk, the Parties fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The foregoing waiver includes, without limitation, an express waiver, to the fullest extent not prohibited by law, by the Parties of any and all rights under California Civil Code Section 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Parties are aware of the meaning of California Civil Code Section 1542 and the consequences of their waiver of their rights under California Civil Code Section 1542.

34.    In addition, the Parties expressly waive any and all provisions, rights, and benefits conferred by any law or principle of common law or equity, that is similar, comparable, or equivalent, in whole or in part, to California Civil Code Section 1542 Plaintiff and other

Settlement Class Members may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the claims released pursuant to the terms of Paragraph 32 of this Settlement Agreement, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he/she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Paragraph and Paragraph 32 of this Settlement Agreement. Further, each of those individuals agrees and acknowledges that he/she shall be bound by this Settlement, including by the releases contained in this Paragraph and in Paragraph 32 of this Settlement Agreement, and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he/she never receives actual notice of the Settlement, never submits a Claim Form, or never receives a distribution of funds from the Settlement.

35.     Releasing Parties, and each of them, agree not to prosecute, and agree immediately to withdraw, with prejudice, any equitable or legal proceeding against any Released Party with respect to any of the Released Claims or any of the actions taken by a Released Party that are authorized or required by this Settlement Agreement or by the Judgment. The Court shall retain jurisdiction to enforce the judgment, releases, and agreements contemplated by this Settlement and by the Judgment.

## VERIFICATION

36.     Proposed Settlement and Co-Lead Class Counsel shall be entitled to verify, at its own expense, that Defendants have complied with the terms of this Settlement Agreement. The period for such verification shall begin as of the date of this Settlement Agreement and shall last

for a period of one year. Defendants shall cooperate in good faith to facilitate the verification process. Verification may occur in the form of a letter from Defendants, describing its compliance with the terms of the settlement, accompanied by supporting materials. All materials provided to Proposed Settlement and Co-Lead Class Counsel that are confidential shall be designated as such and retained by Proposed Settlement and Co-Lead Class Counsel in confidence, subject to Court order that either party may find it necessary to seek and which is obtained and entered by the Court. At the conclusion of the verification period, Proposed Settlement and Co-Lead Class Counsel shall return to Defendants all confidential material.

### TERMINATION
### OF SETTLEMENT

37.     This Settlement may be terminated as provided in this Paragraph and Paragraph 37 of this Settlement Agreement. This Settlement may also be terminated by either Settling Party by providing written notice to counsel for the opposing Party and the Court within ten days after any of the following occurrences:

a.     The District Court declines to approve or the court of appeals reverses the approval of the Settlement;

b.     The district court modifies, amends, incorporates into, or deletes or strikes from, the Preliminary Approval Order, Judgment, or the Settlement, any provision which a Settling Party in good faith regards as material; or

c.     Any court makes any order precluding Plaintiff or Defendants from proceeding in whole or in part with the Settlement.

38.     If prior to the Settlement Hearing, persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion ("Requests for Exclusion") from the Settlement Class in accordance with the provisions of the Notice, and such

persons in the aggregate exceed 2 percent of the total number of Class Members receiving notice, Defendants shall have, in their sole and absolute discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

39.     In the event of a termination in accordance with the provisions of the Settlement:

a.     The Settlement, except for the appointment of John Yanchunis of Morgan and Morgan, P.A. as Proposed Settlement and Co-Lead Class Counsel, shall be null and void and of no further effect;

b.     Any certification of the Settlement Class by the Court will be vacated;

c.     The Settling Parties will be returned to their positions quo ante with respect to all facets of the Action, including, without limitation, with respect to the appropriateness of class certification, as if the Settlement had not been entered into;

d.     Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the mailed or published notices, court filings, orders, and public statements relating to the Settlement, may thereafter be used as evidence for any purpose whatsoever; and

e.     The fact of, and any documents, findings, decisions, or orders relating to, any failure of a court to approve the Settlement or any modification or amendment of the Settlement by a court, as well as the fact and contents of any objections which may have been filed to the Settlement, may not be used as evidence for any purpose whatsoever.

40.     Nothing in the preceding Paragraph is intended or will be construed to limit a Settling Party's right to use or to offer the Settlement in evidence in any action or proceeding in any court or other tribunal to enforce or implement its terms, to support or defend the Settlement, including on any appeal from the Judgment, or to enforce or assert a claim or defense of res

27

judicata, collateral estoppel, claim or issue preclusion, settlement, release, merger and bar, or any similar claim or defense against a Settlement Class Member.

41.     In the event of a termination, TracFone shall have no right to seek reimbursement from Plaintiff for any funds distributed or for money spent or costs incurred for Notice or Claims Administration.

## GENERAL PROVISIONS

42.     This Settlement constitutes the entire agreement between and among the Settling Parties with respect to the settlement of the Action. This Settlement shall not be construed more strictly against one party than another merely because it may have been prepared by counsel for one of the Settling Parties, it being recognized that, because of the arm's length negotiations resulting in the Settlement, all Settling Parties hereto have contributed substantially and materially to the preparation of the Settlement. This Settlement supersedes all prior negotiations and agreements and may not be modified or Superceded except by a writing signed by the Settling Parties, Proposed Settlement and Co-Lead Class Counsel, and Defendants' Counsel.

43.     Each Settling Party to the Settlement warrants that they are acting on their independent judgment and upon the advice of his, her or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other person, other than the warranties and representations expressly made in the Settlement. All captions used in the Settlement are for reference and convenience only and shall not be used in interpreting the Settlement.

44.     The Settling Parties, Proposed Settlement and Co-Lead Class Counsel, and Defendants' Counsel shall not engage in any conduct or make any statements, directly or indirectly, (a) to encourage, promote, or solicit Settlement Class Members or their counsel to request exclusion from the Settlement Class or to object to the Settlement, or (b) to facilitate,

induce or cause the non-fulfillment of a condition or the occurrence of an event giving rise to a Party's right to terminate this Settlement.

45.     The Settling Parties agree to oppose, including on appeal, any objection to Final Approval of this Settlement filed by any Settlement Class Member (other than Plaintiff), objector, intervener, or proposed intervener, or any separate counsel hired by any of the foregoing.

46.     The Settlement shall be binding upon, and shall inure to the benefit of the Settling Parties, the Settlement Class Members, the Releasees, and the respective heirs, administrators, successors, and assigns of each of them.. Except as provided in the foregoing sentence, nothing in this Settlement is intended to create any legally enforceable rights in any other person or to make any other person a beneficiary of this Settlement.

47.     The Settling Parties, Proposed Settlement and Co-Lead Class Counsel, and Defendants' Counsel: (i) acknowledge that it is their intent to consummate this agreement; (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement; and (iii) shall execute all documents and perform any additional acts necessary and proper to effectuate the terms of the Settlement.

48.     No Settling Party, Proposed Settlement and Co-Lead Class Counsel, or Defendants' Counsel, or anyone else acting on behalf of any of them shall make any statement disparaging any Settling Party, Proposed Settlement and Co-Lead Class Counsel, Defendants' Counsel, or this Settlement Agreement. Except as required by law, neither Proposed Settlement and Co-Lead Class Counsel nor Defendants' Counsel shall issue any press release or provide substantive comment about the Settlement to any third-party.

49.     This Settlement shall be construed, enforced and administered in accordance with the laws of the State of Florida without reference to its conflict of laws principles.

50.     All Settling Parties and Settlement Class Members submit to the continuing jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

51.     This Settlement may be executed in counterparts, each of which shall be deemed to be an original, but all of which together constitute one and the same instrument.

In witness whereof, the Settling Parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.


Dated:   March 7, 2014

By: /s/J. Andrew Meyer
John Yanchunis (FBN 324681)
Email: jyanchunis@forthepeople.com
J. Andrew Meyer (FBN 0056766)
Email: ameyer@forthepeople.com
Rachel Soffin (FBN 018054)
Email: rsoffin@forthepeople.com
Morgan & Morgan
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile:  (813) 222-4787

*Attorneys For Plaintiff John Browning,*
*Individually And On Behalf Of All Others*
*Similarly Situated*

John Browning

By: /s/Steven J. Brodie
Steven J. Brodie (FBN 333069)
Email: sbrodie@carltonfields.com
Aaron S. Weiss (FBN 48813)
Email: aweiss@carltonfields.com
Carlton Fields, P.A
100 Southeast Second Street, Suite No. 4200
Miami, Florida 33131
Telephone No.   (305) 530-0050
Facsimile No.    (305) 530-0055

Joel S. Feldman (admitted *pro hac vice*)
jfeldman@sidley.com
Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone No.   (312) 853-2030
Facsimile No.    (312) 853-7036

Ryan M. Sandrock (admitted *pro hac vice*)
rsandrock@sidley.com
Sidley Austin LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone No.   (415) 772-1219
Facsimile No.    (415) 772-7400

*Attorneys for Defendants TracFone Wireless,*
*Inc. and Wal-Mart Stores, Inc.*