UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 13-22882-Civ-COOKE/TURNOFF

JOHN BROWNING, on behalf of himself and all others similarly situated,

      Plaintiff,

v.

TRACFONE WIRELESS, INC. d/b/a STRAIGHT TALK WIRELESS, NET10 WIRELESS, SIMPLE MOBILE and TELCEL AMERICA and WAL-MART STORES, INC.,

      Defendants.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO PROPOSED INTERVENOR'S OPPOSITION TO PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

  Proposed Intervenors seek to intervene in this action to pursue their objection to the Settlement Agreement, as well as their efforts to dismiss or stay this action in favor of actions pending in the Northern District of California ("California actions") [Doc. Nos. 34 and 48]. Proposed intervenors motions should be denied for the following reasons.

  In this matter, the Parties have submitted a Motion for Preliminary Approval of a settlement that is fair, reasonable and adequate, and provides an excellent result to the Class [Doc. No.  51]. The proposed Settlement was the product of hard fought, arms-length negotiations by highly skilled and experienced counsel for all parties, which involved two full days of mediation before Rodney Max, an experienced and highly regarded mediator well known to this Court, and followed extensive factual and legal investigation, the deposition of a TracFone designee and review of documents and information produced by TracFone in response to Plaintiff's discovery requests.  As described in the Motion for Preliminary Approval, given the myriad of

risks associated with the class claims, including – among other issues - possible disposition of Plaintiff's class claims through enforcement of the individual arbitration clause at issue prior to the settlement, coupled with the great benefit to the Class, the Settlement is a fair compromise of the competing interests and is in the best interests of the Class.  The settlement agreement is now at a stage where it should be preliminarily approved by the Court, and notice should be given to members of the class and the regulators or Attorneys' Generals of each of the 50 states so that everyone, if they so choose, can provide comment to the settlement.  If the settlement is approved after a fairness hearing, the litigation will conclude and class members will be able to receive the benefits of the settlement.

Rather than allowing class members to review and consider the merits of the proposed settlement, Proposed Intervenors, after only reviewing a term sheet, launched a number of incendiary and groundless objections against Plaintiff, his counsel, the settlement process and the settlement itself.  In their objection and their motion to intervene, Proposed Intervenors have not established how their intervention would serve the best interests of the class, or that they would be able to achieve a settlement that provides any greater benefit to the Class than the Settlement that is pending before this Court.   In *Devlin v. Scardellitti*, 536 U.S. 1 (2002), the Supreme Court made clear that intervention is not necessary for a class member who timely objects to the approval of a settlement at a fairness hearing to file an appeal. Therefore, it follows that intervention is not necessary for a class member to file an objection if the class member so desires. Rather than permitting intervention and allowing the Proposed Intervenors to unnecessarily delay the advancement of this action, the Court should evaluate the terms of the proposed class action settlement presently pending before this Court.  Assuming the settlement meets the Court's preliminary approval, Proposed Intervenors, as members of the class, will be able to opt out of the class and pursue their individual claims.  Likewise, after notice is given, all other members of the

class and the regulators in each of the 50 states will be able to comment on, or object to, the proposed settlement. *See Cohorst v. BRE Properties, Inc.*, 2011 WL 3489781, at * 8 (S.D. Cal. July 19, 2011), citing *Davis v. J.P. Morgan Chase & Co.,* 2011 U.S. Dist. LEXIS 37704 (W.D.N.Y. Apr. 6, 2011) (denying intervention in class action where proposed intervenors sought to attack the adequacy of the class action settlement and proposed attorneys' fees, and finding that proposed intervenors rights were adequately protected through alternative measures less disruptive to the interests of the settling parties, including participation as objectors at the fairness hearing).

Should the Court allow the requested intervention, Plaintiff requests that intervention be limited to the sole purpose of permitting movants to object to the Settlement.

Dated March 11, 2014.

    Respectfully submitted,

    */s/ John Yanchunis*

    JOHN YANCHUNIS, ESQUIRE
    Florida Bar No. 0324681
    J. ANDREW MEYER, ESQUIRE
    Florida Bar No. 0056766
    RACHEL SOFFIN, ESQUIRE
    Florida Bar No. 018054
    **MORGAN & MORGAN**
    **COMPLEX LITIGATION GROUP**
    201 North Franklin Street, 7th Floor
    Tampa, Florida  33602
    Telephone:  (813) 223-5505
    Facsimile:  (813) 222-4787
    Email: jyanchunis@forthepeople.com
          ameyer@forthepeople.com
          rsoffin@forthepeople.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of March, 2014, a copy of the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO PROPOSED INTERVENOR'S OPPOSITION TO PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT was served via CM/ECF upon all attorneys of record.

/s/ *John Yanchunis*